IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARIUS CORNELIUS FORD                                        PETITIONER

v.                                      CIVIL ACTION NO. 3:18-CV-476-TSL-JCG

SUPERINTENDENT JACQUELYN BANKS                    RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (ECF No. 1), filed by Petitioner Darius Cornelius Ford, and his Motion for Judgment on the Pleadings (ECF No. 13). The Petition challenges Ford's 2012 conviction for aggravated assault and possession of a firearm by a convicted felon. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 and his Motion for Judgment on the Pleadings be denied. Ford has not demonstrated that he is entitled to federal habeas relief.

## I. BACKGROUND

Ford is a postconviction inmate in the custody of the Mississippi Department of Corrections. After a jury trial in the Circuit Court of Scott County, Mississippi, Ford was convicted of aggravated assault and possession of a firearm by a convicted felon on February 8, 2012. He was sentenced as a habitual offender to twenty years for aggravated assault and ten years for possession of a firearm, with sentences to

run consecutively. After his *pro se* Motion for a New Trial was overruled (ECF No.

10-1 at 90), Ford filed a *pro se* appeal.

The Mississippi Court of Appeals suspended Ford's appeal for the trial court

to determine if Ford intelligently and competently waived his right to counsel (ECF

No. 10-5 at 81-82). After the trial court found in the affirmative, the Mississippi

Court of Appeals considered the following issues:

1. Whether the indictment properly charged Ford as a habitual offender;

2. Whether he was denied the right to a speedy trial;

3. Whether the State was required to produce the witness that certified the documents used to demonstrate Ford's prior convictions;

4. Whether the circuit court erred in its reading of the *Sharplin*[1] instruction;

5. Whether the circuit court properly denied his motions for a directed verdict and a new trial; and

6. Whether the circuit court committed cumulative error.

*Ford v. State*, 139 So. 3d 730 (Miss. Ct. App. 2013).

The Mississippi Court of Appeals found each of these issues to be without

merit and affirmed his conviction. Ford, through counsel, then filed a Motion for

Leave to Proceed in the Trial Court with a Petition for Post-Conviction Relief and

Motion to Supplement and/or Amend the Petition if Deemed Necessary (ECF No.

10-8 at 146-50). Ford's Petition raised the following issues:

1. In light of the evolving standards of decency doctrine, Ford's sentences are cruel, unusual, excessive, and disproportionate and violate the Eighth Amendment.

---

[1] *Sharplin v. State*, 330 So. 2d 591 (Miss. 1976).

2. The trial court failed to comply with the holding in *Patton v. State*,[2] regarding the Petitioner's election to proceed *pro se* and *in forma pauperis* on appeal.

3. Trial counsel provided the Petitioner the ineffective assistance of counsel within the meaning of *Strickland v. Washington*, and its progeny:

   a. Trial counsel was ineffective in failing to stipulate that the Petitioner was a convicted felon;

   b. Counsel was ineffective in failing to file and argue a motion to suppress the consent search of the residence;

   c. Counsel was ineffective in failing to file and argue a motion to suppress the weapon and ammunition seized as a result of the search of the residence;

   d. Counsel was ineffective in failing to file and argue a motion to suppress the identification of the Petitioner as the perpetrator;

   e. Counsel was ineffective in failing to offer an alibi jury instruction;

   f. Counsel was ineffective in failing to object to the introduction of other crimes and bad acts evidence in violation of the Rules of Evidence;

   g. Counsel unfairly prejudiced the Petitioner by referring to him as a drug dealer;

   h. Counsel was ineffective in failing to offer a simple assault jury instruction;

   i. Counsel was ineffective in failing to request a severance of the counts in the indictment;

   j. Counsel was ineffective in failing to object to the admittance of the weapon, ammunition, and male clothing into evidence;

   k. Counsel was ineffective in failing to request the court provide a cautionary/limiting jury instruction as to how the jury should view evidence of other crimes;

   l. Counsel was ineffective in failing to advise the Petitioner of his fundamental right to be present during all critical phases of the

---

[2] 34 So. 3d 563 (Miss. 2010).

controversy and in failing to conduct a hearing on the Motion for JNOV and/or New Trial with the petitioner present;

m. Counsel was ineffective in failing to move for a mistrial when the trial jury hung up at 9 to 3;

n. Counsel was ineffective in failing to object to the inadequate *Sharplin* charge.

4. The trial court committed plain error in failing to provide a cautionary jury instruction regarding the use of evidence of other crimes, wrongs, or acts.

5. Petitioner was denied his constitutional rights due to the cumulative effect of the errors at his trial

(ECF No. 10-8 at 94-142).

The Mississippi Supreme Court entered an Order allowing Ford to "proceed in the trial court to address whether trial counsel was ineffective by failing to request an alibi jury instruction" (ECF No. 9-4). After response by the State (ECF No. 10-9 at 69-71) and a hearing, the trial court denied Ford's Petition (ECF No. 10-9 at 83-85). The Mississippi Court of Appeals affirmed, finding that the particular ineffective assistance of counsel claim was without merit. *Ford v. State*, 230 So. 3d 316 (Miss. Ct. App. 2017). Ford's Motion for Rehearing was denied by the Mississippi Court of Appeals, and the Mississippi Supreme Court denied his Petition for Writ of Certiorari and his Motion to Reinstate Writ of Certiorari (ECF No. 9-6). On July 20, 2018, Ford filed the present 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (ECF No. 1) and a Memorandum in Support (ECF No. 2). He raises the following grounds for relief:

1. Trial counsel provided the Petitioner ineffective assistance of counsel:

    a. Trial counsel was ineffective in failing to stipulate that the Petitioner was a convicted felon;

    b. Counsel was ineffective in failing to file and argue a motion to suppress the consent search of the residence;

    c. Counsel was ineffective in failing to file and argue a motion to suppress the weapon and ammunition seized as a result of the search of the residence;

    d. Counsel was ineffective in failing to file and argue a motion to suppress the identification of the Petitioner as the perpetrator;

    e. Counsel was ineffective in failing to offer an alibi jury instruction;

    f. Counsel was ineffective in failing to object to the introduction of other crimes and bad acts evidence in violation of the Rules of Evidence;

    g. Counsel unfairly prejudiced the Petitioner by referring to him as a drug dealer;

    h. Counsel was ineffective in failing to object to the admittance of the weapon, ammunition, and male clothing into evidence;

    i. Counsel was ineffective in failing to request the court provide a cautionary/limiting jury instruction as to how the jury should view evidence of other crimes;

    j. Counsel was ineffective in failing to move for a mistrial when the trial jury hung up at 9 to 3;

    k. Counsel was ineffective in failing to object to the inadequate *Sharplin* charge.

2. The trial court committed plain error in failing to provide a cautionary jury instruction regarding the use of evidence of other crimes, wrongs, or acts.

3. Ford was denied his constitutional rights due to the cumulative effect of the errors at his trial.

4. The evidence was insufficient to support his conviction and his conviction was against the weight of the evidence.

    Respondent filed her Answer (ECF No. 9) on August 23, 2018. She alleges

that counsel's decisions constituted trial strategy; the potential objections would have been meritless; jury instructions do not warrant federal habeas relief; because there are no individual errors, Ford's cumulative error argument cannot serve as a basis for federal habeas relief; a weight of the evidence argument cannot provide grounds for federal habeas relief; and the state court decision is not contrary to or an unreasonable application of clearly established federal law. Ford then filed a combined Traverse and Motion for Judgment on the Pleadings (ECF Nos. 12 & 13) on October 15, 2018.

## II. DISCUSSION

### A. <u>Standard of Review</u>

Before considering the merits of a petition under 28 U.S.C. § 2254 for writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed with the Court in compliance with 28 U.S.C. § 2244(d)(1).[3] Second, a writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1). To exhaust a federal constitutional claim, a petitioner must "fairly present" in state court both the operative facts and federal legal theory of his or her claim in a procedurally proper manner. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999).

As a matter of comity and federalism, federal courts generally may not

---

[3] There is no challenge to the timeliness of the Petition.

review a state court's denial of a federal constitutional claim if the state court's decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin,* 562 U.S. 307, 316 (2011); (quoting *Beard v. Kindler,* 558 U.S. 53, 60-61 (2009)). A federal court may also find claims procedurally defaulted if the petitioner failed to present them in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Coleman,* 501 U.S. at 735 n.1). Federal courts retain the power to consider the merits of a procedurally defaulted claim if the petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation or shows that a fundamental miscarriage of justice would result if the claim is not heard on the merits in federal court. *See Schlup v. Delo,* 513 U.S. 298, 324-27 (1995).

Substantively, the issue in a federal habeas proceeding is not whether there was an error in applying state law but instead whether there has been a denial of rights protected by the United States Constitution. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* The federal courts do not function as super appellate courts over the states to review errors under state law and may

not correct errors of state law unless they also violate the constitutional rights of an accused. *See Smith v. Phillips,* 455 U.S. 209, 221 (1982); *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981).

Even in matters affecting constitutional rights, federal courts have a very limited scope of review. The Court's authority to grant relief to a person held in custody pursuant to a state judgment is narrowly circumscribed by 28 U.S.C. § 2254(d), which provides that a writ of habeas corpus shall not be granted unless the state court adjudication of the claim:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As recently summarized by the Fifth Circuit Court of Appeals:

> Because "§ 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning," there are three ways a federal court can grant habeas relief: (1) if the state court decision was contrary to clearly established Supreme Court law; (2) if the state court decision involved an unreasonable application of clearly established Supreme Court law; or (3) if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. "AEDPA's standard is intentionally difficult to meet."

*Poree v. Collins,* 866 F.3d 235, 245 (5th Cir. 2017) (quoting *Bell v. Cone,* 535 U.S. 685, 694 (2002); *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015)). The state court's factual findings are presumed to be correct. The petitioner may rebut "the

presumption of correctness by clear and convincing evidence." 28 U.S.C. §
2254(e)(1).

### B. <u>Analysis</u>

#### 1. <u>Ineffective Assistance of Counsel</u>

The Sixth Amendment provides that "[i]n all criminal prosecutions, the
accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."
This right to counsel "is the right to the effective assistance of counsel." *Strickland
v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S.
759, 771 (1970)). To show he received ineffective assistance of counsel, Ford "must
show that counsel's performance was deficient," which "requires showing that
counsel made errors so serious that counsel was not functioning as the 'counsel'
guaranteed the defendant by the Sixth Amendment." Further, he must show that
the performance prejudiced his defense, which "requires showing that counsel's
errors were so serious as to deprive the defendant of a fair trial, a trial whose result
is reliable." *Id.* at 687. However, "[j]udicial scrutiny of counsel's performance must
be highly deferential," and "a court must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance;
that is the defendant must overcome the presumption that, under the
circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*
at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

However, Ford is challenging his counsel's performance in a habeas petition.
The Fifth Circuit has stated:

> the test for federal habeas purposes is *not* whether [the petitioner made the showing required under *Strickland*]. Instead, the test is whether the state court's decision—that [the petitioner] did *not* make the *Strickland*-showing—was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim.

*Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004) (quoting *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003)) (emphasis and alterations in original). "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Ford raises numerous issues concerning his trial counsel in his first ground for relief. These can be classified as relating to evidence of other crimes or bad acts (Grounds 1a, 1f, 1g, and 1i), the search of the residence (Grounds 1b, 1c, and 1h), the victim's identification of Ford (Ground 1d), the possibility of an alibi jury instruction (Ground 1e); and the jury's deliberation (Grounds 1j and 1k).

### a.    <u>Bad Acts</u>

First, Ford alleges that his counsel was ineffective in failing to stipulate that he was a convicted felon (Ground 1a), in failing to object to evidence of other crimes or bad acts (Ground 1f), in referring to Ford as a drug dealer (Ground 1g), and in failing to request a limiting jury instruction concerning the evidence of other crimes. Defendant argues that Ford is not entitled to habeas relief on these grounds, as counsel's decisions constituted trial strategy and any objection would have been meritless.

Ford argues that his counsel was ineffective for failing to offer to stipulate to

10

his prior convictions. The Mississippi cases he relies on, however, deal with a trial court's refusal to accept a stipulation, not an attorney's failure to make a stipulation.[4] Because decisions regarding whether to stipulate are generally considered part of trial strategy, Ford's bare allegations of prejudice do not overcome the strong presumption of reasonableness afforded to strategic decisions. *Mattio v. Cain*, 267 Fed. App'x 389, 391 (5th Cir. 2008) (citing *Strickland*, 466 U.S. at 689); *see also Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981).

Ford also alleges that counsel should have objected to the introduction of evidence of other crimes offered pursuant to the Mississippi Rules of Evidence 609, which governs impeachment by evidence of a criminal conviction. However, the state offered the evidence of his prior conviction at the end of its case in chief (ECF No. 10-3 at 10-12) to prove that Ford had previously been convicted of a felony, one of the required elements of the crime of possession of a firearm by a convicted felon. *See Gunn v. State*, 174 So. 3d 848, 865-66 (Miss. Ct. App. 2014). Because Ford's prior conviction was not offered for impeachment purposes, an objection on the basis of Rule 609 would have been meritless. Counsel cannot be ineffective for failing to raise a meritless issue. *States v. Hall*, 711 Fed. App'x 198, 201 (5th Cir. 2017) (citing *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999)).

---

[4] At first glance, the Georgia case Ford relies on appears to support his argument; however other factors were involved in the Georgia Court of Appeals' determination that counsel had rendered ineffective assistance, such as counsel's unfamiliarity with a Georgia case concerning the particular issue, the similarity of the defendant's prior crimes and the charged crime, and the admission of details of the prior crimes. *Starling v. State*, 646 S.E.2d 695, 697-99 (Ga. Ct. App. 2007). Those factors are not present here. Therefore, the Court finds this case unpersuasive, particularly in light of the fact that Mississippi Courts have held that refusal to stipulate to a prior conviction is sound trial strategy. *Collins v. State*, 221 So. 3d 366, 372-73 (Miss. Ct. App. 2016) (quoting *Williams v. State*, 819 So. 2d 532, 538 (Miss. Ct. App. 2002)) ("stipulating to the prior felony could give 'the jury the impression that the defen[se] had some reason to hide facts of the prior cases from them'").

Ford next alleges that his counsel unfairly prejudiced him by referring to him as a drug dealer. This "reference" occurred when Ford's counsel was questioning him concerning the events of the day in question. Ford voluntarily stated that after he picked up his children at school, he ran into a road block where he was placed under arrest and charged with possession of a firearm by a convicted felon and aggravated assault. Counsel then asked Ford if he owned a weapon, to which he replied "[n]o sir. I'm a convicted felon." After counsel inquired into how long it had been since his conviction, Ford volunteered that he had been convicted of a drug offense and had been a drug dealer (ECF No. 10-3 at 33-34). Ford's counsel did not otherwise refer to Ford as a drug dealer; therefore, this cannot be considered ineffective assistance of counsel.

In his final argument concerning the alleged ineffectiveness of counsel with respect to his prior bad acts, Ford alleges that counsel was ineffective in failing to request a cautionary jury instruction informing the jury of how the evidence of Ford's prior convictions could be used. Defendant argues, and this Court agrees, that the decision on whether to pursue a particular jury instruction constitutes trial strategy. *See Thomas v. Vannoy*, 651 Fed. App'x 298, 303-04 (5th Cir. 2016) (citing *Druery v. Thaler*, 647 F.3d 535, 539-40 (5th Cir. 2011)); *Jones v. Estelle*, 632 F.2d 490, 493 (5th Cir. 1980) (citing *United States v. Carter*, 566 F.2d 1265, 1272-73 (5th Cir. 1978)). Therefore, none of the grounds related to counsel "allowing" the introduction of evidence of Ford's prior criminal history can provide a basis for federal habeas relief.

**b.**    **Search of the Residence**

Ford next alleges that his counsel was ineffective in failing to file a motion to suppress the consent search of the residence (Ground 1b) and the weapon and ammunition seized as a result of the search (Ground 1c). He also alleges that counsel should have objected to the admission of the weapon, ammunition, and male clothing into evidence (Ground 1h). First, Ford argues that counsel was aware or should have been aware of conflicting evidence concerning who had the authority to consent to the search. Therefore, counsel should have moved to suppress the search and the evidence obtained from the search. However, the two pieces of evidence Ford relies on for this argument are Jessica Adams' Consent to Search (ECF No. 2-12), in which she indicates that the officers could search what she claimed to be her residence, and a search warrant obtained by Billy Patrick to sample powder residue on Ford's hands (ECF No. 2-13).

The search warrant does not, as Ford maintains, relate to the residence, merely his person. As such, it does not conflict with Adams' consent to search. The testimony revealed that Adams lived at the trailer. Even if Ford lived at the trailer as well, "the consent of one who possesses common authority over premises or effects" is sufficient for an officer to conduct a valid warrantless search when the other occupant is not present. *Fernandez v. California*, 571 U.S. 292, 299-300 (2014) (quoting *United States v. Matlock*, 415 U.S. 164, 170 (1974)). Because the search was valid, counsel cannot be considered ineffective for failure to "make meritless suppression motions." *Evans v. Davis*, 875 F.3d 210, 218 (5th Cir. 2017).

However, Ford also argues that counsel should have objected to the state's attempt to offer of the gun, ammunition, and male clothing into evidence, as there was insufficient evidence connecting the gun, ammunition, and clothing to Ford or the evidence was inconsistent. Ford claimed he did not own the gun, was not aware of it, and the crime lab evidence was inconclusive. He also asserts that the evidence regarding the color of the sweatshirt was conflicting. Ford's argument could be construed as an assertion that the prosecution failed to lay the proper foundation for the evidence and trial counsel should have objected. Defendant argues that this assertion relates to Ford's weight and sufficiency arguments in his fourth ground for relief, but even so, counsel's objection would have been meritless, as there was sufficient evidence presented to connect the gun, ammunition, and clothing to Ford.

Counsel cannot be ineffective for failing to raise a meritless issue. *States*, 711 Fed. App'x at 201 (citing *Kimler*, 167 F.3d at 893). Although Ford and Adams testified that the gun was not his, Officers Kevin Polk, Marcus Lingle, and Billy Patrick testified that Ford lived at the residence where the gun was found and had recently left (ECF No. 10-2 at 77 & 84-85; ECF No. 10-3 at 6-10). After Officer Lingle identified the gun and the ammunition he found, the state offered both items into evidence (ECF No. 10-2 at 85-88). The crime lab reports were not offered into evidence, but Officer Lingle's testimony laid a proper foundation for the gun and ammunition. As such, an objection would have been meritless.

With respect to the sweatshirt, the prosecution did not offer the sweatshirt into evidence; the sweatshirt was merely mentioned when witnesses described what

14

Ford was wearing or when the officers described what was found at the house. Defense counsel offered a photograph of Officer Lingle holding the sweatshirt found at the residence. He used the photograph to show that it was a generic sweatshirt that could have belonged to anyone and that Ford could not have been wearing the sweatshirt while in police custody (ECF No. 10-2 at 94-96). Because the state did not offer the sweatshirt into evidence, there was nothing for counsel to object to. Counsel's use of the photograph constituted trial strategy. Therefore, the failure to object to the admission of the gun, ammunition, and sweatshirt into evidence was not ineffective assistance of counsel.

### c.      Identification

Ford also alleges that his counsel was ineffective when he failed to file a motion to suppress the victim's identification of Ford as the perpetrator while he was at the police station (Ground 1d). At trial, Sanford Lackey, the victim, testified that while searching for land he needed to appraise, he heard three shots at a particular house in the vicinity. He then saw a man coming down the steps and a gold SUV in the driveway. Shortly after, while pulled over on the side of the road, he saw the gold SUV speeding towards him from behind before the driver shot through his back window. Later, while at the Sherriff's office, Lackey saw the officers bring Ford in (ECF No. 10-2 at 42-49). He stated that he saw Ford while outside the jail and then told the officers that Ford was the person who committed the crime (ECF No. 10-2 at 62). Ford alleges that this constituted an improper show up and was an unnecessarily suggestive identification procedure.

The Mississippi Court of Appeals addressed Lackey's pre-trial identification of Ford in the context of Ford's challenge to the weight and sufficiency of the evidence. First, it found that it was not an improper show up because it "was not suggested or coerced by law enforcement officers. *Ford*, 139 So. 3d at 739. However, it continued to say that even if it was a show up, under the factors laid out by the United States Supreme Court, the identification was sufficiently reliable to be admissible. *Id.* at 739-40. The Mississippi Court of Appeals relied on Lackey's opportunity to see Ford when he was exiting the home and when he was hanging out of the window of the vehicle; the closeness in time of the identification and the crime; and Lackey's certainty. *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972). This decision is not contrary to or an unreasonable application of federal law. Because Ford's claim that Lackey's identification was improper is without merit, counsel cannot be ineffective for failing to file a motion to suppress the identification. *Amos v. Thornton*, 646 F.3d 199, 209-10 (5th Cir. 2011).

### d.     <u>Alibi Instruction</u>

Ford next alleges that his counsel was ineffective when he failed to request an alibi jury instruction (Ground 1e). The Mississippi Court of Appeals stated that under Mississippi law, an alibi defense requires showing that the defendant "was so far removed" from the location that it would be impossible for the defendant to be guilty. It concluded that because the residence in question was close to the shooting and Adams stated she was asleep during the time of the shooting, it was possible for Ford be the guilty party. Therefore, the testimony was merely a denial, not an alibi,

and as such, counsel was not ineffective in failing to request the instruction. The Mississippi Court of Appeals also stated that Ford had not shown prejudice. *Ford*, 230 So. 3d at 320-21. This decision is supported by the trial record, and it is not contrary to federal law. Further, decisions on which jury instructions to pursue constitute trial strategy. *Thomas*, 651 Fed. App'x at 303-04 (citing *Druery*, 647 F.3d at 539-40). Therefore, Ford is not entitled to habeas relief on this ground.

### e.    **Jury Deliberations**

Finally, Ford alleges that his counsel was ineffective in failing to move for a mistrial when the jury indicated that they were split 9 to 3 on one count[5] (Ground 1j) and in failing to object to the missing sentence in the *Sharplin* charge the judge gave the jury (Ground 1k). The record reflects that after less than two hours of deliberations, the jury had reached a verdict on Count II, but were split on Court I, and had been split for about 45 minutes. Although they jury informed the judge that they did not think they could agree, the judge stated he was not going to release them (ECF No. 10-3 at 71-72). Instead, the judge stated that they could go home until the next morning (ECF No. 10-3 at 73-75). When the court reconvened, the judge read the following instruction:

> I know that it is possible for honest men and women to have honest different opinions about the facts of a case, but, if it is possible to reconcile your differences of opinion and decide this case, then you should do so.

> Accordingly, I remind you that the court originally instructed you that the verdict of the jury must represent the considered judgment of each juror. It is your duty as jurors to consult with one another, and to deliberate in view

---

[5] The trial record indicates that the jury informed the judge that they were split 10-2 (ECF No. 10-3 at 71).

of reaching agreement if you can do so without violence to
your individual judgment. Each of you must decide the case
for yourself, but only after an impartial consideration of the
evidence with your fellow jurors. In the course of your
deliberations, do not hesitate to re-examine your own views
and change your opinion if you are convinced it is
erroneous, but do not surrender your honest convictions as
to the weight or effect of the evidence solely because of the
opinion of your fellow jurors or for the mere purpose of
returning a verdict.

(ECF No. 10-3 at 79). At that point, the jury returned to the jury room to continue

their deliberations, and approximately an hour and a half later, they returned with

a unanimous verdict on Count I (ECF No. 10-3 at 81-82).

Ford asserts that counsel should have moved for a mistrial when the jurors

indicated they had not reached a verdict. He also asserts that counsel should have

objected to the jury instruction, as the trial judge should have concluded with

"[p]lease continue your deliberations." With respect to counsel's decision not to seek

a mistrial, such a decision constitutes trial strategy. *Geiger v. Cain*, 540 F.3d 303,

309 (5th Cir. 2008) (citing *Ward v. Dretke*, 420 F.3d 479, 491 (5th Cir. 2005)).

Particularly when considering the judge's statement that he was not going to let the

jury go, as they had only been deliberating for a few hours, such a decision was not

unreasonable, nor has Ford shown prejudice from counsel's failure to make such a

motion.

With respect to the *Sharplin* charge, the Mississippi Court of Appeals

concluded that the judge's failure to include the final sentence was harmless error,

as the trial judge had already informed the jury that they would not be released and

they returned to their deliberations. *Ford*, 139 So. 3d at 738. However, Ford now

argues that counsel was ineffective in failing to object to this omission. In light of the fact that the jury clearly continued deliberations, Ford has failed to demonstrate that he was prejudiced by counsel's failure to object. The Mississippi Court of Appeals found the omission harmless, and this decision is not contrary to or an unreasonable application of federal law. Therefore, Ford has not shown that he received ineffective assistance of counsel at any point during his trial.

### 2. <u>Jury Instructions</u>

In his next ground for relief, Ford alleges that the trial court's failure to provide a cautionary jury instruction concerning evidence of crimes or other bad acts constituted reversible error. However, "[i]mproper jury instructions in state criminal trials do not generally form the basis for federal habeas relief." *Tarpley v. Estelle*, 703 F.2d 157, 159 (5th Cir. 1983) (citing *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)). Instead, "the error must be so egregious as to rise to the level of a constitutional violation or so prejudicial as to render the trial itself fundamentally unfair." *Baldwin v. Blackburn*, 653 F.2d 942, 951 (5th Cir. 1981) (quoting *Bryan v. Wainwright*, 588 F.2d 1108, 1110-11 (5th Cir. 1979)). The Mississippi cases Ford cites deal with instances where evidence was admitted under Mississippi Rule of Evidence 404(b) or 609; however, the state was required to prove that Ford was a convicted felon as an element of the crime. Mississippi also does not require trial courts to "instruct the jury on any point of law unless specifically requested in writing to do so." *Richardson v. State*, 74 So. 3d 317, 327 (Miss. 2011) (quoting *Harper v. State*, 478 So. 2d 1017, 1025 (Miss. 1985)). Therefore, Ford has not shown

that the trial court's failure to issue a cautionary instruction was fundamentally unfair. He is not entitled to habeas relief on this ground.

### 3. Cumulative Error

In his third ground for relief, Ford argues that he was denied his constitutional rights due to the cumulative effect of errors at his trial. However, when it considered the issue, the Mississippi Court of Appeals determined that because the "circuit court committed no errors at trial, there can be no reversal based on cumulative errors." *Ford*, 139 So. 3d at 740. In a federal habeas claim, "relief is only available for cumulative errors that are of a constitutional dimension." *Coble v. Quarterman*, 496 F.3d 430, 440 (5th Cir. 2007) (citing *Livingston v. Johnson*, 107 F.3d 297, 309 (5th Cir. 1997)). Because Ford has not raised any individual claims of error that have merit, he cannot show that he is entitled to habeas relief on a claim of cumulative error. *Hughes v. Dretke*, 412 F.3d 582, 597 (5th Cir. 2005) (quoting *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996)) ("[m]eritless claims or claims that are not prejudicial . . . cannot be cumulated").

### 4. Weight and Sufficiency of the Evidence

In his final ground for relief, Ford challenges both the weight and sufficiency of the evidence. However, "[a] weight-of-the-evidence claim is purely a matter of state law and is not cognizable on habeas review as it requires an assessment of the credibility of the evidence presented at trial." *Branch v. Mississippi*, Civil Action No. 3:10-CV-255-HTW-LRA, 2013 WL 3776740, at 3 (S.D. Miss. July 18, 2013) (citing

*Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982)). Therefore, Ford is not entitled to habeas relief on his weight of the evidence claim.

As to his sufficiency claim, the Supreme Court has stated "evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). Further, "a state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the 'decision was objectively unreasonable.'" *Id.* (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011)).

Ford's primary argument regarding sufficiency is that Lackey's identification of Ford should not have been admitted. However, the Mississippi Court of Appeals concluded that Lackey's identification of Ford at the police station was not suggested or coerced by the officers, but even if it was, the identification was sufficiently reliable to be admitted. *Ford*, 139 So. 3d at 739. This decision was not contrary to or an unreasonable application of federal law.[6] Therefore, Lackey's identification of Ford, combined with the evidence found at the location he had been at earlier in the day, the belief of several officers that Ford lived at that location, and the other evidence presented at trial is sufficient to support the verdict, particularly when viewing the evidence in the light most favorable to the prosecution. Therefore, Ford is not entitled to habeas relief on his final ground.

---

[6] *See* Section II.B.1.c.

### 5. __Ford's Motion for Judgment on the Pleadings__

Finally, because the Court determines that Ford is not entitled to habeas

relief, his Motion for Judgment on the Pleadings (ECF No. 13) is due to be denied.

His Motion, which is combined with his Traverse, merely asks the Court to grant

him habeas relief. However, a motion for judgment on the pleadings only "dispose[s]

of a case when there are no disputed material facts." *Linicomn v. Hill*, 902 F.3d 529,

533 (5th Cir. 2018) (citing *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th

Cir. 2015)). A motion for judgment on the pleadings is subject to the same standard

as a motion to dismiss for failure to state a claim. *Copeland v. State Farm Ins. Co.*,

657 Fed. App'x 237, 241 (5th Cir. 2016) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413,

418 (5th Cir. 2008)). Under this standard, facts are "viewed in the light most

favorable to the nonmovant." *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir.

2012). Therefore, because the Court has found that Ford is not entitled to habeas

relief, he also is not entitled to judgment on the pleadings.

## III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that Darius

Cornelius Ford's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus and his

Motion for Judgment on the Pleadings be denied and this case dismissed.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and
> recommendations, each party has fourteen days to serve
> and file written objections to the report and
> recommendations. A party must file objections with the

clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 11th day of April, 2019.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE